IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOYCE E. WALKER,<br><br>    Plaintiff<br><br>  VS.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant | NO.  5:07-CV-418 (CWH)<br><br>SOCIAL SECURITY APPEAL |

## O R D E R

  This is a review of a final decision of the Commissioner of Social Security denying plaintiff JOYCE E. WALKER'S claim for benefits under the Social Security Act, 42 U.S.C. § 423. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

### PROCEDURAL HISTORY

  Plaintiff Walker filed applications for disability insurance benefits and supplemental security income benefits in August of 2003, alleging disability since July 20, 2003, due to degenerative disc disease, chronic pain, and depression. Her claim was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") in Milledgeville, Georgia on April 7, 2005. (T - 371-407). Thereafter, in a hearing decision dated February 22, 2007, the ALJ determined that the plaintiff was not disabled (T - 15-27). The Appeals Council denied review on October 5, 2007, making the February, 2007 decision the final decision of the Commissioner. (T - 5-8).

**LEGAL STANDARDS**

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

## DISCUSSION

Plaintiff Walker argues that the ALJ improperly rejected the opinion issued by her treating physician and erred in finding that plaintiff has no severe mental impairments. Additionally, she argues that the Appeals Council erred in failing to include new evidence in the record and erred in failing to remand this matter for consideration of the new evidence.

### TREATING PHYSICIAN'S OPINIONS

The plaintiff raises various arguments regarding the ALJ's analysis of her treating physician's opinions. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id*.

Plaintiff points to the opinions and treatment records of Dr. Earl Taylor who treated her beginning in 1989 for her back disorders. She argues that the ALJ failed to obtain all of Dr. Taylor's treatment records and that the ALJ erred in according weight to the doctor's findings. As the Commissioner argues, however, plaintiff Walker failed to point to any specific medical records which were not included in the medical record but would have changed the ALJ's decision. Moreover, Dr. Taylor's treatment notes reveal a conservative treatment course, primarily with medication and specifically excluding surgery. There is no indication in Dr. Taylor's treatment notes that plaintiff's functional abilities were compromised to the point of disability.

Contrary to the plaintiff's assertions, the ALJ considered whether her conditions met or equaled any of the listings and concluded that the listings were not met or equaled. In order to establish that her impairments meet or equal one or more of those set out in the List of Impairments (Appendix 1, 20 C.F.R. Part 404), a claimant must present *specific* medical findings that meet the tests for the applicable impairment or medical evidence that demonstrates how the impairment is equivalent to the listings. *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986) (plaintiff must "present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency"); *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). Other than pointing to Dr. Taylor's unsupported and summary conclusions regarding the listings being met, plaintiff Walker has failed to offer any evidence or support for her conclusion that her spinal condition met Listing 1.04.

SEVERE MENTAL IMPAIRMENTS

Plaintiff also argues that the ALJ erred in failing to find that her mental impairments were severe at Step Two of the sequential evaluation process and failed to properly include mental limitations in findings of her residual functional capacity. "Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that [his] impairment is not so slight and its effect is not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).

Plaintiff Walker argues that her constant complaints of depression to treating physicians as well as a diagnosis of "panic disorder" by a consultative examiner supports a finding that her depression was a severe impairment. As the Commissioner points out, however, "the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The ALJ found that the consultative examiner's conclusions were internally inconsistent and unsupported by objective medical findings, noting that it was unclear what evidence the examiner found to be supportive of a panic disorder diagnosis and what symptoms were simply reported by the plaintiff. Given the lack of mental health treatment sought by the plaintiff and the consultative examiner's inconsistent, unsupported findings, the ALJ properly found that plaintiff's depression and anxiety were not severe impairments.

NEW EVIDENCE

Finally, the plaintiff argues that the Appeals Council failed to consider new evidence in the form of two (2) medical forms completed by Dr. Taylor. The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). The new evidence must relate to the period on or before the ALJ's hearing decision. *Id.* Herein, the Appeals Council reviewed this evidence and made it part of the record but ultimately found no reason to review the ALJ's decision. (T - 5-8).

In *Ingram v. Comm'r. of Social Security Admin.*, 496 F.3d 1253 (11th Cir. 2007), the Eleventh Circuit sought to clarify certain prior holdings in Social Security cases that addressed the consideration of new evidence. The court found that "we understand *Keeton [v. Dep't. of Health and Human Serv.*, 21 F.3d 1064 (11th Cir. 1994)] to hold that a decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of section 405(g)." The court further found that "[w]e understand *Falge [v. Apfel,* 150 F.3d 1320 (11th Cir. 1998*)*] to hold that when a claimant challenges the administrative law judge's decision to deny benefits, but not the decision of the Appeals Council to deny review of the administrative law judge, we need not consider evidence submitted to the Appeals Council." Herein, plaintiff Walker challenges the Appeals Council's alleged failure to consider the new evidence, as well as its failure to remand for further consideration based on the new evidence.

The decision of the Appeals Council makes clear, however, the fact that the Council *did* consider the evidence and included it in the record. (T - 5, 8, 363-70). Moreover, as argued by the Commissioner, the evidence does not appear to be material to any change in the ALJ's decision, as it consists solely of forms completed by Dr. Taylor, unaccompanied by any medical treatment notes or test results. Dr. Taylor's conclusions in the new evidence are not supported by treatment notes or findings already included in the record and are in certain respects inconsistent with his previous findings. Accordingly, the Appeals Council properly declined to remand this matter based on this new evidence.

The Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards. For the foregoing reasons, **IT IS ORDERED** that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).

SO ORDERED AND DIRECTED, this 30th day of MARCH, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE